UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JAMES BUTLER RAMSEY,<br><br>        Petitioner,<br><br>v.<br><br>RANDY BLADES,<br><br>        Respondent. | Case No. 1:16-cv-00533-EJL<br><br>**MEMORANDUM DECISION AND ORDER** |

Pending before the Court is a Petition for Writ of Habeas Corpus filed by Idaho state prisoner James Butler Ramsey ("Petitioner"), challenging Petitioner's Ada County conviction for robbery.[1] (Dkt. 1.) Respondent has filed a Motion for Summary Dismissal, arguing that the Petition is barred by the one-year statute of limitations and that some of Petitioner's claims are procedurally defaulted or noncognizable. (Dkt. 13.) Petitioner did not respond to the Motion, which is now ripe for adjudication.

The Court takes judicial notice of the records from Petitioner's state court proceedings, which have been lodged by Respondent. (Dkt. 12.) *See* Fed. R. Evid. 201; *Dawson v Mahoney*, 451 F.3d 550, 551 n.1 (9th Cir. 2006).

Having carefully reviewed the record, including the state court record, the Court finds that the parties have adequately presented the facts and legal arguments in the briefs

---

[1] Although Petitioner was also convicted of other crimes, he does not appear to challenge those other convictions. (*See* Dkt. 1 at 1.)

**MEMORANDUM DECISION AND ORDER - 1**

and record and that oral argument is unnecessary. *See* D. Idaho L. Civ. R. 7.1(d). Accordingly, the Court enters the following Order granting the Motion and dismissing the Petition with prejudice as untimely.[2]

## BACKGROUND

In the Fourth Judicial District in Ada County, Idaho, Petitioner pleaded guilty to robbery and other crimes and was sentenced to life in prison with twenty years fixed on the robbery count. (State's Lodging B-4.) Petitioner filed a direct appeal, and the Idaho Court of Appeals affirmed on April 22, 2003. (*Id.*) Petitioner did not file a petition for review with the Idaho Supreme Court. (*See* State's Lodging B-5.)

On April 21, 2004, Petitioner, through counsel, filed a petition for post-conviction relief in state court. (State's Lodging C-1 at 4-6.) The state district court dismissed the petition, and the Idaho Court of Appeals affirmed. (*Id.* at 39-44; D-4.) Petitioner's petition for review was denied, and the Idaho Supreme Court issued the remittitur on March 28, 2007. (State's Lodging D-7; D-8.)

On November 25, 2009, at the earliest,[3] Petitioner filed a pro se successive post-conviction petition. (State's Lodging E-1 at 4-16.) The trial court dismissed the successive petition, the Idaho Court of Appeals affirmed, and Petitioner did not file a petition for review. (*Id*. at 83-92; F-6; *see also* F-7.)

---

[2] Because the Court concludes that the Petition is untimely, it need not address Respondent's other arguments.

[3] Idaho courts follow the prison mailbox rule and deem a pro se inmate's post-conviction petition filed on the date the petition is delivered to prison authorities for placement in the mail. *Munson v. State*, 917 P.2d 796, 800 (Idaho 1996).

**MEMORANDUM DECISION AND ORDER - 2**

On December 4, 2014, at the earliest, Ramsey filed a motion for reduction of sentence under Idaho Criminal Rule 35. (State's Lodging G-1 at 74-83.) The trial court denied the motion. (*Id*. at 93-94.) The Idaho Court of Appeals affirmed, and the Idaho Supreme Court denied review. (State's Lodging H-4; H-6.)

Petitioner filed his Petition in this Court, at the earliest, on December 6, 2016.[4] The Court has construed the Petition as asserting the following claims:

> Claim 1: Petitioner was denied his Sixth Amendment right to counsel, or to the effective assistance of counsel, on direct appeal. Petitioner also challenges the Idaho Supreme Court's practice of not accepting pro se filings when the filing party is represented by counsel, which appears to be a claim that Petitioner is entitled to hybrid representation on direct appeal.
>
> Claim 2: The fixed portion of Petitioner's sentence is excessive. (This appears to be an Eighth Amendment claim.)
>
> Claim 3: Petitioner was denied counsel during his Rule 35 proceedings.
>
> Claim 4: Petitioner was deprived of his right to equal protection when the state court "fail[ed] to follow it's [sic] own laws." Petitioner also alleges that he has been deprived of his right to access the courts.

(Initial Review Order, Dkt. 5, at 2.) Petitioner has not objected to this construction.

The Court previously reviewed the Petition and allowed Petitioner to proceed on his claims to the extent those claims "(1) are cognizable in a federal habeas corpus action,

---

[4] The federal courts also follow the prison mailbox rule. *See Houston v. Lack*, 487 U.S. 266, 270-72 (1988); Rule 3(d) of the Rules Governing Section 2254 cases.

**MEMORANDUM DECISION AND ORDER - 3**

(2) were timely filed in this Court, and (3) were either properly exhausted in state court or subject to a legal excuse for any failure to exhaust in a proper manner." (*Id.* at 2-3.)

## DISCUSSION

The Rules Governing § 2254 Cases ("Habeas Rules") authorize the Court to summarily dismiss a petition for writ of habeas corpus when "it plainly appears from the face of the petition and any attached exhibits," as well as those records subject to judicial notice, "that the petitioner is not entitled to relief in the district court." Habeas Rule 4; *see* Fed. R. Evid. 201; *Dawson*, 451 F.3d at 551 n.1. Where appropriate, a respondent may file a motion for summary dismissal, rather than an answer. *White v. Lewis*, 874 F.2d 599, 602 (9th Cir. 1989).

Respondent argues that Petitioner's claims are barred by the one-year statute of limitations. For the reasons that follow, the Court agrees.

**1.  Standards of Law**

The Antiterrorism and Effective Death Penalty Act ("AEDPA") requires a petitioner to seek federal habeas corpus relief within one year from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."[5] 28 U.S.C. § 2244(d)(1)(A). One year in this context actually

---

[5]  Several other triggering events for the statute of limitations exist—but are less common—and are set forth in subsections 2244(d)(1)(B)-(D):

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

**MEMORANDUM DECISION AND ORDER - 4**

means 366 days—for example, from January 1, 2010, to January 1, 2011. *See Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001) (applying Federal Rule of Civil Procedure 6(a) to AEDPA, where the calculation excludes the day the conviction became final). Thus, the first step in a statute of limitations analysis is determining the date on which the petitioner's conviction became final.

Under 28 U.S.C. § 2244(d)(1)(A), the date of "finality" that begins the one-year time period is marked as follows, depending on how far a petitioner pursues his case:

| **Action Taken** | **Finality Occurs** |
|---|---|
| No appeal is filed after state district court order or judgment | 42 days later, *see* Idaho Appellate Rule 14 |
| Appeal is filed and Idaho Court of Appeals issues a decision, but no petition for review is filed with the Idaho Supreme Court | 21 days later, *see* Idaho Appellate Rule 118 |
| Appeal is filed and Idaho Supreme Court issues a decision or denies a petition for review of an Idaho Court of Appeals decision, and Petitioner does not file a petition for writ of certiorari with the United States Supreme Court | 90 days later, *see* United States Supreme Court Rule 13 |
| After Idaho Supreme Court issues a decision or denies a petition for review, Petitioner files a petition for writ of certiorari to the United States Supreme Court, and the petition is denied | Date of denial |

---

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

**MEMORANDUM DECISION AND ORDER - 5**

| After Idaho Supreme Court issues a decision or denies a petition for review, Petitioner files a petition for writ of certiorari to the United States Supreme Court, the petition is granted, and the United States Supreme Court issues a decision | Date of decision |
|---|---|

In each of the above instances, if the petitioner stops pursuing the case and does not take the next step within the time specified, "finality" is measured from entry of final judgment or order, not from a remittitur or mandate, which are mere formalities. *Gonzales v. Thaler*, 565 U.S. 134, 150-51 (2012); *Wixom v. Washington*, 264 F.3d 894, 898 n.4 (9th Cir. 2001).

The one-year statute of limitations can be tolled (or suspended) under certain circumstances. AEDPA provides for tolling for all of "[t]he time during which a properly filed application for State post-conviction or other collateral review . . . is pending." 28 U.S.C. § 2244(d)(2). A motion to reduce a sentence that is not a part of the direct review process and that requires re-examination of the sentence qualifies as a collateral review application that tolls the one-year statute of limitations. *Wall v. Kholi*, 562 U.S. 545, 555-56 (2011). Thus, to the extent that a petitioner properly filed an application for post-conviction relief or other collateral challenge in state court, the one-year federal limitations period stops running on the filing date of the state court action and resumes when the action is completed.

The time before a petitioner files an initial application for collateral review in state court, however, does not toll the statute of limitation. *Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999) ("AEDPA's statute of limitations is not tolled from the time a final

decision is issued on direct state appeal and the time the first state collateral challenge is filed because there is no case 'pending' during that interval."), *abrogated on other grounds as stated in Nedds v. Calderon*, 678 F.3d 777, 781 (9th Cir. 2012). In addition, AEDPA "does not permit the reinitiation of the [federal] limitations period that has ended before the state petition was filed." *Ferguson v. Palmateer*, 321 F.3d 820, 822 (9th Cir. 2003).

To determine the date when a petitioner's state court post-conviction action concluded, the Court looks to state law. *Allen v. Lewis*, 295 F.3d 1046, 1046 (9th Cir. 2002) (en banc) (reaffirming *Bunney v. Mitchell*, 262 F.3d 973 (9th Cir. 2001) (per curiam), *superseded on other grounds by* Cal. Rule of Court 8.532(b)(2)(C)) *as stated in Korolev v. Horel*, 386 F. App'x 594 (9th Cir. July 2, 2010) (unpublished)). Under Idaho law, an appellate case remains pending until a remittitur is issued, *see Jakoski v. State*, 32 P.3d 672, 679 (Idaho Ct. App. 2001), and so, for federal statute of limitations purposes, a collateral relief application in Idaho is deemed "pending" through the date of the remittitur. *See Jefferson v. Budge*, 419 F.3d 1013, 1015 n.2 (9th Cir. 2005).

"Pending," as set forth in § 2244(d)(2), does not include the time period for filing a petition for writ of certiorari before the United States Supreme Court to challenge denial of a collateral review petition. *Lawrence v. Florida*, 549 U.S. 327, 337 (2007). Further, each time statutory tolling ends, the statute of limitations does not restart at one year, but begins running at the place where it stopped before the post-conviction action was filed. Finally, to qualify for statutory tolling, the collateral relief application must be

"properly filed," meaning that it conforms to state rules governing conditions to filing, including filing deadlines. *Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005).

If, after applying statutory tolling, a habeas petition is deemed untimely, a federal court can still hear the merits of the claims if the petitioner can establish that equitable tolling should be applied to toll the remaining time period. *See Jorss v. Gomez*, 311 F.3d 1189, 1192 (9th Cir. 2002) ("[A] court must first determine whether a petition was untimely under the statute itself before it considers whether equitable tolling should be applied."). The limitations period may be equitably tolled under exceptional circumstances. "[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotation marks omitted).

A petitioner requesting equitable tolling must show "reasonable diligence, not "maximum feasible diligence," *id*. at 653, and "whether a petitioner acted with reasonable diligence is a fact-specific inquiry," *Fue v. Biter*, 842 F.3d 650, 654 (9th Cir. 2016). "Ordinarily, a petitioner must act with reasonable diligence both before and after receiving delayed notice that the state denied his habeas petition." *Fue*, 842 F.3d at 656.

In addition, the statute of limitations is subject to an actual innocence exception. A petitioner who satisfies the actual innocence gateway standard may have otherwise time-barred claims heard on the merits. *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1931-32 (2013); *Lee v. Lampert*, 653 F.3d 929, 937 (9th Cir. 2011) (en banc). Actual innocence in this context means "factual innocence, not mere legal insufficiency." *Bousley v. United*

**MEMORANDUM DECISION AND ORDER - 8**

*States*, 523 U.S. 614, 624 (1998). Although "habeas petitioners who assert convincing actual-innocence claims [need not] prove diligence to cross a federal court's threshold," a court "'may consider how the timing of the submission and the likely credibility of a petitioner's affiants bear on the probable reliability of evidence of actual innocence.'" *McQuiggin*, 133 S. Ct. at 1935 (quoting *Schlup*, 513 U.S. at 332) (alterations omitted).

2. **The Petition Is Barred by the Statute of Limitations**

   A. *Petitioner's Convictions Became Final, and the One-Year Statute of Limitations Began to Run, on May 13, 2003*

The Idaho Court of Appeals affirmed Petitioner's convictions on April 22, 2003. Because Petitioner did not file a petition for review of the Idaho Court of Appeals' decision on direct appeal, Petitioner's conviction became final on May 13, 2003, when Idaho's 21-day period for filing a petition for review of that decision expired. *See* Idaho Appellate Rule 118. Pursuant to 28 U.S.C. § 2244(d)(1)(A), the limitations period began to run on that date.[6]

   B. *With Statutory Tolling, the Petition Was Due on April 19, 2007*

As set forth above, AEDPA's one-year limitations period is tolled for all of the time "during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). Petitioner filed his initial state post-conviction petition on April 21, 2004. Therefore, by the time Petitioner filed that petition, 344 days of the limitations period had

---

[6] Pursuant to *Gonzales v. Thaler*, 565 U.S. at 150-51, the statute of limitations began to run upon the expiration of the time for filing a petition for review—not the date of the remittitur, which was issued the next day on May 14, 2003.

**MEMORANDUM DECISION AND ORDER - 9**

already passed, as there were 344 days between May 13, 2003, and April 21, 2004. *See Nino*, 183 F.3d at 1006.

The statute was tolled until March 28, 2007, when the Idaho Supreme Court issued its remittitur in Petitioner's initial post-conviction proceedings. *See Allen*, 295 F.3d at 1046; *Jakoski*, 32 P.3d at 679. On that date, Petitioner had only 22 days of the statutory period remaining within which to file his federal petition (366 days minus 344 days). Therefore, Petitioner's federal Petition was due in this Court on or before April 19, 2007 (22 days after March 28, 2007).[7]

### C. *The Petition Is Untimely and Must Be Dismissed*

Petitioner did not file the instant federal habeas Petition until December 6, 2016. Therefore, even with statutory tolling, the Petition was filed over nine years too late. Because Petitioner does not argue that he is entitled to equitable tolling or that he is actually innocent, the Petition must be dismissed as untimely.

## ORDER

**IT IS ORDERED:**

1. Respondent's Motion for Summary Dismissal (Dkt. 13) is GRANTED, and the Petition is DISMISSED with prejudice.

2. The Court does not find its resolution of this habeas matter to be reasonably debatable, and a certificate of appealability will not issue. *See* 28 U.S.C.

---

[7] The statute of limitations expired before Petitioner filed his successive post-conviction petition or his Rule 35 motion. Therefore, neither of those collateral proceedings affected the limitations period. *See Ferguson*, 321 F.3d at 822.

**MEMORANDUM DECISION AND ORDER - 10**

§ 2253(c); Habeas Rule 11. If Petitioner wishes to appeal, he must file a timely notice of appeal with the Clerk of Court. Petitioner may seek a certificate of appealability from the Ninth Circuit by filing a request in that court.

DATED: January 2, 2018

_____
Edward J. Lodge
United States District Judge